| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
| SHAWN BURNS, KEVIN BIEN, and BRIAN M. WISE, individually and on behalf of all other persons similarly situated, | CIVIL ACTION CASE NO: 17-cv-2721 |
| Plaintiffs, | |
| -against- | |
| COUNTY OF NASSAU, and EDWARD MANGANO, in his Official Capacity as Nassau County Executive, | |
| Defendants. | |

Named Plaintiffs, Shawn Burns ("Burns"), Kevin Bien ("Bien"), and Brian M. Wise ("Wise") individually and on behalf of all other persons similarly situated (collectively "Plaintiffs"), currently or formerly employed as Correction Officers, Correction Corporals, Correction Sergeants, Correction Lieutenants, Correction Captains, or in other similar related trades for the County of Nassau or any of its municipal subdivisions or related municipal corporations or municipal entities by the Defendants from May 2014 to the present, by and through their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover liquidated damages for delayed payments of overtime and other wages.

2. Plaintiffs allege that they are entitled to a declaratory judgment, liquidated damages pursuant to 29 U.S.C. §§ 201 et. seq., and attorneys' fees and costs to remedy Defendants' willful violations of the FLSA.

1

3. Beginning in approximately May 2014 and continuing to the present, Defendants have engaged in a policy and practice of failing to pay Plaintiffs all overtime wages earned in the pay period immediately following the overtime performed, and delaying those payments to later pay periods.

4. The Named Plaintiffs have initiated this action on behalf of themselves and all persons similarly situated to recover liquidated damages for the timely overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§ 1331, 1337, and 1343.

6. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA, pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' respective principal places of business are in this district.

8. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Defendants collectively constitute an "enterprise engaged in commerce" with a gross volume of business done that is in excess of $500,000.00

## PARTIES

10. Named Plaintiff Burns is a resident of the State of New York. He worked as a Correction Officer for the Defendants from March 2001 to December 2012. Furthermore, he has worked as a Correction Corporal from December 2012 to the present.

11. Named Plaintiff Bien is a resident of the State of New York, and has worked for the Defendants as a Correction Officer from March 1989 to the present.

12. Named Plaintiff Wise is a resident of the State of New York, and has worked as a Correction Officer for the Defendants from October 1999 to the present.

13. Defendant County of Nassau is a judicial entity amenable to suit under the FLSA as it is, and was at all relevant times, a public agency within the meaning of section 3(x) of the FLSA, 29 U.S.C. § 203(x).

14. At all relevant times, Edward Mangano is and has been the Nassau County Executive.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Upon information and belief, Named Plaintiffs and others similarly situated constitute "employees" subject to the protection of the FLSA.

16. Upon information and belief, Defendants constitute "employers" subject to the requirements of the FLSA.

17. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

18. Plaintiffs allege that they are entitled to liquidated damages pursuant to 29 U.S.C. §§ 201 et. seq., and attorneys' fees and costs to remedy Defendant's willful violations of the FLSA.

19. Beginning in approximately January of 2014 and continuing to the present, Defendant engaged in a policy and practice of failing to pay Plaintiffs and all others similarly situated all earned overtime and other wage payments on their next scheduled payday after the work was performed, and delaying those payments to later pay periods.

20. The Named Plaintiffs have initiated this action on behalf of themselves and a putative collective consisting of similarly situated employees who currently are or formerly were

employed as Correction Officers, Correction Corporals, Correction Sergeants, Correction Lieutenants, Correction Captains, or in other similar related trades for the County of Nassau or any of its municipal subdivisions or related municipal corporations or municipal entities at any time between May 2014 and the present, who were employees within the meaning of the FLSA, and who were paid overtime wages at times later than their regularly scheduled wage payments (the "Putative Collective").

21. The Named Plaintiffs and members of the Putative Collective were non-exempt employees eligible to be paid for overtime compensation for those hours worked over forty in a week.

22. The Named Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to timely provide payment for overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week pursuant to 29 U.S.C. § 207.

23. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Named Plaintiffs and members of the Putative Collective. This policy and pattern or practice includes willfully failing to timely pay the Named Plaintiffs and members of the putative collective overtime wages for hours that they worked in excess of 40 hours per workweek.

24. The Named Plaintiffs and members of the Putative Collective were all employed by Defendants.

25. Upon information and belief, Defendants uniformly apply the same payment policies, practices, and procedures to all members of the Putative Collective.

26. The Putative Collective is so numerous that joinder of all members is impracticable. Although the precise number of Putative Collective members is unknown, upon information and belief, the size of the Putative Collective is believed to be in excess of 50 individuals. In addition, the names of all potential members of the Putative Collective are not known.

27. The questions of law and fact common to the Putative Collective predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether Defendants employed the Named Plaintiffs and members of the Putative Collective within the meaning of the FLSA; whether Defendant failed to timely pay the Named Plaintiffs and members of the Putative Collective their earned overtime wages, at the rate of one and one half the times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; whether Defendants are liable for all damages claimed hereunder including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; whether Defendants engaged in a policy and practice of delaying payment of overtime wages beyond the Named Plaintiffs' regular pay dates; and whether Defendant should be enjoined from such violations of the FLSA in the future.

28. The claims of the Named Plaintiffs are typical of the claims of the Putative Collective.

29. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

30. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Putative Collective lack the financial

resources to adequately prosecute separate lawsuits against Defendants. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies and practices.

## **FACTS**

31. Pursuant to the FLSA, 29 U.S.C. § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives overtime compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

32. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

33. Plaintiffs and other similarly situated employees are or have been employed by Defendants in various capacities at times between May 2014 and the present.

34. Plaintiffs and other members of the Putative Collective are "employees," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(e).

35. Defendants are "employer[s]," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA.

36. Defendants have engaged in a pattern and practice of failing to ensure that Named Plaintiffs and others similarly situated received timely payment of all overtime wages on the regularly scheduled payday after the work was performed.

37. For example, Named Plaintiffs Bien, Burns, and Wise on no fewer than ten occasions each between 2014 and the present, failed to receive their overtime compensation on their regularly scheduled payday, despite having performed work beyond forty hours in a week for Defendants during that pay period.

38. Named Plaintiffs Bien, Burns, and Wise were told that this failure to receive timely overtime compensation was due to the Defendants not reviewing Plaintiffs' payroll checks and authorizing their overtime compensation.

39. Upon information and belief, the correct amount of overtime compensation can be determined for each work period before the scheduled payday for that work period.

40. Throughout the relevant period, Defendants have undertaken a willful policy and practice of violating the FLSA

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT: DELAYED OVERTIME PAYMENTS

41. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

42. Defendants have repeatedly engaged in a pattern and practice of failing to pay Plaintiffs all overtime wages owed during the regular pay period in which the work was performed.

43. Pursuant to 29 U.S.C. § 778.106, "overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."

44. Defendants have violated the Fair Labor Standards Act by failing to pay overtime wages to Plaintiffs on the next scheduled payday after the work was performed.

45. Defendants' failure to pay Named Plaintiffs and members of the Putative Collective their rightfully owed overtime compensation in a timely manner as required by the Fair Labor Standards Act and its implementing regulations was willful.

46. For the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the Putative Collective in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of delayed overtime compensation owed each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1) in an amount to be determined at trial, constituting liquidated damages in the amount equal to the amount of unpaid overtime earned but not timely paid each pay period to each individual Plaintiff or opt-in Plaintiff, plus interest, attorneys' fees and costs; and

(3) any other and further relief the Court may deem appropriate.

Dated: New York, New York
      May 4, 2017

                       VIRGINIA & AMBINDER, LLP

                       By: s/Lloyd R. Ambinder, Esq.
                       Lloyd Ambinder, Esq.
                       James Emmet Murphy, Esq.
                       40 Broad Street, 7th Floor
                       New York, New York 10004
                       (212) 943-9080
                       *Attorneys Plaintiffs and the Putative Collective*