**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
SHAWN BURNS, KEVIN BIEN, and BRIAN
M. WISE, individually and on behalf of all other
persons similarly situated,

                Plaintiffs,

     -against-

COUNTY OF NASSAU, and EDWARD
MANGANO, in his Official Capacity as Nassau
County Executive,

                Defendants.
-------------------------------------------------------------X
ROBERT J. ARCIELLO, FRANCIS J. GOREY,
JR., DIANE MASTROPAOLO, GLEN F.
TUIFEL, DANIEL E. SPEICHER, LAWRENCE
J. LOISELLE, JOSEPH T. WHITTAKER,
JAMES SHARKEY, KIRK FOWLKES, JOHN
CLOUDMAN, NICHOLAS PALMESE, JOHN
OCHWAT, and all others similarly situated,

                Plaintiffs,

     -against

COUNTY OF NASSAU, EDWARD
MANGANO, in his individual and official
capacity, and NASSAU COUNTY CIVIL
SERVICE COMMISSION,

                Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
1:17-cv-02721 (ADS)(SIL)
2:16-cv-03974 (ADS)(SIL)

**APPEARANCES:**

**Virginia & Ambinder, LLP**
*Counsel for Plaintiffs Burns et al*
40 Broad Street, 7th Floor
New York, NY 10004
    By:    Alanna Rose Sakovits, Esq.
            James Emmet Murphy, Esq.
            LaDonna Marie Lusher, Esq.
            Lloyd Robert Ambinder, Esq., Of Counsel.

**Koehler & Isaacs LLP**
*Counsel for Plaintiffs Burns et al*
61 Broadway - 25th Floor
New York, NY 10006
    By:    Steven Isaacs, Esq., Of Counsel.

**Law Offices of Louis D. Stober, Jr., LLC**
*Counsel for Plaintiffs Arciello et al*
350 Old Country Road, Suite 205
Garden City, NY 11530
    By:    Albin Kataeva
            Louis D. Stober, Jr., Esq., Of Counsel.

**Bee Ready Fishbein Hatter & Donovan, LLP**
*Counsel for the Defendants*
170 Old Country Road
Mineola, NY 11501
    By:    Michael Paul Siravo, Esq.
            Deanna Darlene Panico, Esq., Of Counsel.

**SPATT, District Judge**:

The plaintiffs Shawn Burns, Kevin Bien, and Brian M. Wise (collectively, the "Plaintiffs") brought this putative collective action against defendants County of Nassau and Edward Mangano (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover liquidated damages for delayed payments of overtime and other wages.

Presently before the Court is a motion by the Defendants, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c), seeking to dismiss the Complaint under the so-called "first-filed" rule. For the reasons set forth below, the Court denies the Defendants' motion, and consolidates this action with *Arciello et al v. County of Nassau et al*, No. 2:16-cv-3974.

## I. BACKGROUND

On May 4, 2017, the Plaintiffs filed the Complaint against County of Nassau and Edward Mangano, in his official capacity as Nassau County Executive, alleging that the Defendants violated the FLSA by failing to pay their overtime on a timely basis. ECF 1. The Plaintiffs are a Correction Corporal and two Correction Officers employed by the County. *Id.* ¶¶ 10–14. They seek to bring this action "on behalf of themselves and a putative collective consisting of similarly situated employees who currently are or formerly were employed as Correction Officers, Correction Corporals, Correction Sergeants, Correction Lieutenants, Correction Captains, or in other similar related trades for the County of Nassau or any of its municipal subdivisions or related municipal corporations or municipal entities at any time between May 2014 and the present, who were employees within the meaning of the FLSA, and who were paid overtime wages at times later than their regularly scheduled wage payments." *Id.* ¶ 20.

On January 10, 2018, the Defendants moved to dismiss the Complaint due to the pendency of an allegedly overlapping earlier filed action before the Court, *Arciello et al v. County of Nassau et al*, No. 2:16-cv-3974 ("*Arciello* Docket"). The Plaintiffs in *Arciello* are current employees of the County, who hold various positions within the Sheriff's Department, Department of Social Services, Police Department, Fire Marshal's Office, Department of Recreation and Parks, Department of Public Works, and Department of Health. *Arciello* Docket, ECF 1 ¶¶ 9–20. They similarly seek to recover damages, pursuant to the FLSA and NYLL, for the County's delay and failure to promptly pay overtime work. *Id.* ¶ 1. The *Arciello* Plaintiffs bring the collective action "individually and on behalf of other similarly situated individuals who have, and who currently work for the Defendant, County of Nassau who are classified as non-exempt employees from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ('FLSA'), who are not paid on their Scheduled Payday for work performed in excess of the applicable overtime thresholds in a prompt manner." *Id.* ¶ 3. On October 30, 2017, United States Magistrate Judge Locke granted the conditional certification of an FLSA collective action for members of the putative *Arciello* class. *Arciello* Docket, ECF 34.

Both actions allege the existence a "policy and practice" of failing to promptly pay overtime compensation. ECF 1 ¶ 19 ("Defendant engaged in a policy and practice of failing to pay Plaintiffs and all others similarly situated all earned overtime and other wage payments on their next scheduled payday after the work was performed, and delaying those payments to later pay periods."); *Arciello* Docket, ECF 1 ¶ 49 ("[T]he Defendants had a policy and practice of refusing to promptly pay overtime compensation at the statutory rate . . . to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.").

3

## II. DISCUSSION

The Court finds application of the first-filed rule appropriate. The earlier-filed *Arciello* collective action relates to the same conduct and involves a putative class that encompasses the Plaintiffs in this case. However, as explained more fully below, dismissal is not the appropriate disposition. The Court therefore will consolidate this case with *Arciello*.

The first-filed rule is a "well-settled legal doctrine, instructing that 'where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Wyler-Wittenberg. v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2012) (Spatt, J.) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). The rule "arises from the court's power to administer its docket to conserve judicial resources, and to promote the efficient and comprehensive disposition of cases." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013). When determining whether to apply the first-filed doctrine, "the court considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts. The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Id.*; *Wyler–Wittenberg*, 899 F.Supp.2d at 244; *Byron v. Genovese Drug Stores, Inc.*, No. 10-cv-3313, 2011 WL 4962499, *2 (E.D.N.Y.2011); *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11-cv-8751, 2012 WL 844284 *3 (S.D.N.Y.2012); (for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests").

With these principles in mind, the Court will address each of the Plaintiffs' objections to the motion to dismiss in turn.

**1. As to Whether the First-Filed Rule Is Limited to Cases in "Different Courts"**

The Plaintiffs assert that the first-filed doctrine cannot apply, because both this action and the *Arciello* action are currently pending in the Eastern District of New York (before the Court and Judge Locke). Specifically, the Plaintiffs argue the first-filed rule only applies when the parties file competing lawsuits in "different courts," *i.e.*, different judicial districts. According to the Plaintiffs, the first-filed rule is designed to protect the initial plaintiff's choice of forum, therefore, it cannot apply to cases filed within the same District Court.

While this argument has some intuitive appeal, it ignores the other rationales for the doctrine, namely, the "conserve[ation] of judicial resources and promoting the efficient and comprehensive disposition of cases." *Castillo*, 960 F. Supp. 2d at 404. Allowing two lawsuits touching on the same issue, and with substantially related parties, to proceed along separate tracks, even where both are in front of the same court, cannot promote those ends. Unsurprisingly then, courts have thus applied the first-filed rule to cases present before the same court. *See Greenaway v. Apple-Metro*, Inc., No. 13-cv-2818, 2013 WL 12216603, at *1 (E.D.N.Y. Nov. 19, 2013); *Naula v. Rite Aid of New York*, No. 08-cv-11364, 2010 WL 2399364, at *1 (S.D.N.Y. Mar. 23, 2010). The Plaintiffs cite no cases to the contrary.

Therefore, the Court finds the Plaintiffs' opposition to the application of the first-filed rule on this ground to be unpersuasive.

**2. As to Whether the Parties Are Identical or Substantially the Same**

The Plaintiffs further argue that this case and *Arciello* are not "competing lawsuits" because there is no overlap between the parties. In support of this argument, the Plaintiffs rely on the fact that none of them opted-in to the *Arciello* collective action; that they are not seeking to represent

5

any additional individuals other than those who have already opted in; and that the Plaintiffs in *Arciello* are not seeking to represent the Plaintiffs here. The Court disagrees.

As a starting point, the Plaintiffs are incorrect that "[t]he first filed rule applies only where the parties and claims between the first filed suit and the second-filed suit are identical." ECF 36 at 6. "[A]pplication of the rule does not require *identical* parties in the cases, but merely requires 'substantial overlap.'" *Wyler-Wittenberg*, 899 F. Supp. 2d at 244 (quoting *Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F.Supp.2d 203, 205–06 (E.D.N.Y.2006)). Here, the Plaintiffs, as employees of the County who allege they were not paid on their scheduled payday for work performed in excess of the applicable overtime thresholds, fall within the putative class in *Arciello*. Their claims therefore are substantially similar to, if not the same as, the *Arciello* Plaintiffs.

The Court encountered nearly identical circumstances in *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, and found application of the first-filed rule appropriate. The Court explained:

> Here, there is some degree of overlap that exists between the parties, claims, and the relief sought in each of the collective and class actions against MetLife. With regard to parties, MetLife is the same defendant-employer in each of the actions, but the seventy-five plaintiffs who opted-in as parties to the instant action are not the same plaintiffs as those in *Cerami* or *Swisher*. However, in the assessment of whether the "first-filed" rule is applicable, the Second Circuit plainly does not require the first-filed action and the subsequent action to consist of identical parties. Moreover, the Court recognizes vast similarities among the individual plaintiffs in each of the putative collective and class actions against MetLife. Each plaintiff was either a loan officer or employee with similar job titles who worked at MetLife during the relevant time period. . . .Thus, considering the similar positions held by the plaintiffs in each of these matters and the opt-in nature of a collective class, the Court concludes that plaintiffs in this action are similar enough to those in *Cerami* and *Swisher* to warrant application of the "first-filed" rule.

899 F. Supp.2d at 244–45.

The Plaintiffs cannot escape the first-filed rule simply because they chose not to opt into the *Arciello* collective action. Indeed, several courts faced with the same issue have reached the same conclusion. *See Castillo*, 960 F. Supp.2d at 404 ("Plaintiff's assertion that this case will

6

accept as plaintiffs only those who have not opted in to Whittington makes this litigation no less piecemeal. The class description is the same, as are the potential plaintiffs—whether or not they have decided to opt-in to Whittington. Also identical is the relief sought—the payment of overtime compensation."); *Pippins v. KPMG LLP*, No. 11-cv-0377 CM, 2011 WL 1143010, at *3 (S.D.N.Y. Mar. 21, 2011) ("Plaintiffs argue that these actions are not duplicative, because of the unique nature of an opt-in FLSA collective action. They argue that FLSA collective actions only cover individuals who opt-in, so there can never be any overlapping plaintiffs. However, the first-filed rule does not require identical plaintiffs; it only requires that the plaintiffs be substantially similar."); *see also Ortiz v. Panera Bread Co.*, No. 10-cv-1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011) ("The first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations. It is not surprising that federal courts consistently apply the first-to-file rule to overlapping wage and hour collective actions.") (collecting cases).

Therefore, the Court will apply the first-filed doctrine to this action.

**3. As to the Disposition of the Case**

Although the circumstances warrant application of the first-filed rule, the question remains whether the rule militates dismissal of this action in favor of the *Arciello* action. The Plaintiffs urge the Court not to dismiss their claims due to the prejudice dismissal would enact. They argue that the statute of limitations runs on each employee's claim until his individual Consent Form is filed with the court, meaning that dismissing the action and forcing those who opted in to join the *Arciello* action would cause those workers to lose nearly a year and a half of their claims under the statute of limitations.

7

The Defendants do not contest this point. Rather, they argue that the opt-ins filed are subject to a motion to strike. However, the motion to strike is not relevant for the purposes of disposing of this motion. The Court will address the Defendant's objections to the consent form when appropriate.

The Court agrees with the Plaintiffs. As it found in *Wyler-Wittenberg*, "dismissal is not appropriate due to the significant number of individuals who have already opted into this case," such that "a dismissal would not bring about an equitable result." 899 F.Supp.2d at 248 (transferring, rather than dismissing, FLSA claims under the first-filed rule); *Intema Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) (same); *Spotless Enterprises Inc.*, 415 F. Supp. 2d at 207 (same). Although the Court duly notes the cases cited by the Defendant dismissing overlapping FLSA claims pursuant to the first-filed rule, the Court believes that the circumstances warrant consolidation of this action with *Arciello*, rather than dismissal.

Courts avoid mechanical application of the first-filed rule, because "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000). Therefore, "[t]he decision whether or not to . . . dismiss a proceeding rests within a district judge's discretion." *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir.1991). Further, Rule 42(a) permits a district court to consolidate "actions involving a common question of law or fact." Courts may exercise their discretion to consolidate cases when supported by considerations of convenience, judicial economy, and equity. *Consorti v. Armstrong World Ind.*, 72 F.3d 1003, 1006 (2d Cir.1995); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.1990).

Here, consolidation is appropriate due to the risk of prejudice to the workers who opted into this action. Consolidation ensures that the limitations period will not run due to their decision to participate in this lawsuit, rather than *Arciello*, while also "serv[ing] all of the purposes cited by Defendant, including avoiding duplication of judicial effort and vexatious litigation in multiple forums, achieving comprehensive disposition of this litigation, and eliminating the risk of inconsistent judgments." *Naula*, 2010 WL 2399364, at *5 (consolidating, rather than dismissing, FLSA claims under the first-filed rule).

Therefore, the Court denies the Defendants' motion to dismiss the Complaint, and, further, consolidates this action with *Arciello*.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendants' motion to dismiss the Complaint. Pursuant to Federal Rule of Civil Procedure 42(a), the Court consolidates this action, *Burns et al v County of Nassau et al*, No. 1:17-cv-02721, with *Arciello et al v. County of Nassau et al*, No. 2:16-cv-3974. Accordingly, it is hereby:

**ORDERED** that the Clerk of Court is directed to consolidate the two actions set forth above under Case Number 2:16-cv-3974 and Case Number 1:17-cv-02721 is to be closed; and it is further

**ORDERED** that the consolidated action shall proceed under Case Number 2:16-cv-3974, and that all filings are to be made only under Case Number 2:16-cv-3974; and it is further

**ORDERED** that the Plaintiffs in each action are directed to file, within fourteen days of the date of this Order, a Consolidated Complaint incorporating the claims of the Complaint in the First Filed Action and the Complaint in the Second Filed Action. The Consolidated Complaint shall not assert new allegations against the Defendants and the Defendants, having answered the

Complaints in the First Filed Action and the Second Filed Action, will be under no obligation to file additional answers to the Consolidated Complaint.

**SO ORDERED**.

Dated: Central Islip, New York
October 9, 2018

    /s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge